IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

JAMES RONALD SHEPPARD,

      Plaintiff,

v.                              Civil Action No: 1:13-cv-21792

CAROLYN W. COLVIN,
Commissioner of Social Security,

      Defendant.

## MEMORANDUM OPINION

This action seeks review of the final decision of the Commissioner of Social Security, who denied plaintiff's application for disability insurance benefits ("DIB").  By Standing Order, this case was referred to United States Magistrate Judge Cheryl A. Eifert to consider the pleadings and evidence, and to submit proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  On August 11, 2014, Magistrate Judge Eifert issued her Proposed Findings & Recommendation ("PF&R") in this matter.  Judge Eifert recommended that the court deny Plaintiff's Motion for Summary Judgment and Motion to Remand, grant Defendant's Motion for Judgment on the Pleadings, and dismiss this case with prejudice.  (Doc. No. 21).  Under 28 U.S.C. § 636(b)(1)(B), the parties had fourteen days, plus three

mailing days, from the date of the filing of the PF&R to file objections.  On August 28, 2014, plaintiff timely filed objections to the PF&R.  (Doc. No. 22).

## I.   **Background**

Plaintiff, James Ronald Sheppard, filed the instant DIB application on December 15, 2010, under Title II of the Social Security Act, 42 U.S.C. §§ 401–433.[1]  The Social Security Administration ("SSA") initially denied plaintiff's application and again upon reconsideration.  (Tr. at 66, 74).  Plaintiff requested and received a hearing before an Administrative Law Judge ("ALJ") held on June 7, 2012 before the Honorable Steve A. DeMonbreum.  (Tr. at 41–63).  The ALJ determined that plaintiff was not entitled to disability benefits in a decision dated June 25, 2012.  (Tr. at 28–35).  Plaintiff filed a request for review by the Appeals Council and submitted new evidence in support of his claim, which was incorporated into the administrative record.  (Tr. at 4).

On July 3, 2013, the Appeals Council denied plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner.  (Tr. at 1–3).  Plaintiff timely

---

[1] On December 6, 2010, Plaintiff also applied for Social Security Income ("SSI"), but does not appear to have pursued this claim beyond filing the initial application.  The PF&R notes that, in this SSI application, Plaintiff reported owning assets that exceed the statutory maximum amount permitted for SSI eligibility.  See 42 U.S.C. § 1382(a)(2)(B); 20 C.F.R. 416.1205(b).  (Tr. at 147).

filed the present civil action seeking judicial review pursuant to 42 U.S.C. § 405(g).  (Doc. No. 2).  The Commissioner filed an Answer and a Transcript of the Administrative Proceedings, (Doc. Nos. 12, 13), and both parties filed memoranda in support of judgment on the pleadings.  (Doc. Nos. 16, 17).  Plaintiff filed a Motion to Remand, (Doc. No. 18), and the Commissioner filed a response in opposition.  (Doc. No. 20).

A detailed factual description of plaintiff's ailments and alleged disability can be found in the PF&R (Doc. No. 21 at 6-19) and in the ALJ's decision (Tr. at 30-4).  These descriptions adequately and faithfully summarize the factual information in the entire record, making it unnecessary to detail the medical evidence once more.  This opinion will only describe the facts as necessary to address plaintiff's specific objections.

## II.  **Standard of Review**

Pursuant to Rule 72(b)(3) of the Federal Rules of Civil Procedure, the district court reviews de novo any part of a magistrate judge's disposition to which a party has properly filed an objection.  However, this court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge regarding those portions of the findings or recommendations to which the parties have addressed no objections.  Thomas v. Arn, 474 U.S. 140, 150 (1985).

The court's review concerns only whether substantial evidence supports the Commissioner's conclusion that plaintiff failed to meet the conditions for entitlement established by and pursuant to the Social Security Act.  If such substantial evidence exists, the final decision of the Commissioner must be affirmed.  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).  Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind.  Richardson v. Perales, 402 U.S. 389, 401 (1971). "If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'" Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). Supposing error by the Commissioner, this court need not reverse a decision "where the alleged error clearly had no bearing on the procedure used or the substance of the decision reached by the ALJ." Ngarurih v. Ashcroft, 371 F.3d 182, 190 n. 8 (4th Cir. 2004).

### III. Plaintiff's Objections

Plaintiff makes a number of objections to the magistrate judge's PF&R.  First, plaintiff generally objects to the magistrate judge's recommendation that this court deny his motion for summary judgment and grant defendant's motion for

4

judgment on the pleadings.  Where a party "makes general and
conclusory objections that do not direct the court to a specific
error in the magistrate judge's proposed findings and
recommendations," a court need not conduct a de novo review.
Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

Plaintiff also makes a number of more specific objections
to the PF&R, including:  an objection to the magistrate judge's
determination that the ALJ afforded sufficient weight to the
medical opinion of Dr. Todd Smith, plaintiff's treating
physician; an objection to the magistrate judge's finding that
omission of the words "fairly" and "to some extent" from the
medical opinion of Dr. Andres L. Rago, a consultative examiner,
was harmless; an objection to the magistrate judge's conclusion
that the ALJ conducted a proper and adequate credibility
analysis of plaintiff; and, finally, an objection to the ALJ's
representation of plaintiff's work history.

Notably, plaintiff makes no legal arguments in his
objections and cites no case law in support of his arguments,
but instead challenges the factual determinations made by both
the magistrate judge and the ALJ.  The court will address each
of plaintiff's objections in turn.

### a. Weight Afforded to the Medical Opinion of Dr. Smith

Plaintiff asserts that the PF&R improperly affirmed the
ALJ's treatment of Dr. Smith's medical opinion when determining

5

plaintiff's residual functional capacity.  Specifically,
plaintiff disputes the magistrate judge's conclusion that the
ALJ neither disregarded nor failed to consider that plaintiff's
condition allegedly deteriorated between April 2009 and December
2010.  (Doc. No. 22 at 1-2).  Plaintiff claims that the
magistrate judge's determination that plaintiff's impairments
"were not markedly different during the years before and after
the onset disability onset [sic] date" is inconsistent with a
later acknowledgment that plaintiff "developed observable
atrophy after the date of alleged onset."  (Doc. No. 22 at 2.)
Plaintiff also argues that the ALJ incorrectly summarized Dr.
Smith's treatment records by concluding "that Dr. Smith observed
no activity [sic] atrophy in the course of his treatments."  Id.

An ALJ must evaluate and weigh medical opinions "pursuant
to the following non-exclusive list:  (1) whether the physician
has examined the applicant, (2) the treatment relationship
between the physician and the applicant, (3) the supportability
of the physician's opinion, (4) the consistency of the opinion
with the record, and (5) whether the physician is a specialist."
Hines v. Barnhart, 453 F.3d 559, 563 (4th Cir. 2006) (citing
Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005)); see
also 20 C.F.R. § 404.1527.  Courts typically "accord 'greater
weight to the testimony of a treating physician' because the
treating physician has necessarily examined the applicant and

6

has a treatment relationship with the applicant." Johnson, 434 F.3d at 654 (quoting Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001)). However, "the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992) (per curiam).

Upon consideration of the record, it is apparent that the ALJ afforded considerable and appropriate weight to the medical conclusions of Dr. Smith. As the magistrate judge concluded, the ALJ's opinion includes a detailed account of Dr. Smith's treatment of plaintiff, establishing that the ALJ thoroughly reviewed Dr. Smith's medical opinions. The ALJ incorporated into his decision Dr. Smith's observations that plaintiff "continued to complain of constant AC joint pain in both shoulders," as well as "reduced strength in his deltoid, biceps, and triceps." (Tr. at 32, 247, 255, 262). However, the ALJ also included Dr. Smith's opinion that plaintiff still "demonstrated a full shoulder extension" and possessed "normal strength and tone . . . in the brachioradialis." (Tr. at 32, 268, 272).

While plaintiff contends that the ALJ failed to consider Dr. Smith's conclusion that plaintiff's condition deteriorated between April 2009 and December 2010, the record does not support this argument. The record indicates that plaintiff's

condition was neither static nor in a rapid decline. (Tr. 244, 247, 252, 256, 261, 265, 269, 272). Instead, his condition occasionally would show signs of deterioration, followed by periods of stasis. The ALJ referred to this progression as "relatively benign," and the record supports this conclusion. (Tr. at 34).

This conclusion is not, as plaintiff argues, inconsistent with an acknowledgement that Dr. Smith found atrophy in plaintiff's shoulders. While the ALJ's decision incorrectly stated that Dr. Smith found no atrophy, the decision also noted that Parsonage-Turner Syndrome "results in muscular atrophy" and cited Dr. Rago's finding of atrophy in plaintiff's deltoid muscle, arms, and forearms. (Tr. at 33, 32). The ALJ acknowledged that plaintiff's condition would result in muscular atrophy and balanced this prognosis with Dr. Smith's course of treatment for plaintiff, which was "routine and/or conservative in nature." (Tr. at 33). Acknowledging both of these factors, substantial evidence in the record supports the ALJ's conclusion that plaintiff retained the residual functional capacity to perform a range of light work.

Contrary to plaintiff's argument, there is no evidence that the ALJ afforded Dr. Smith's opinions less weight than other doctors. Rather, the ALJ noted Dr. Smith's findings that plaintiff complained of "constant pain" in both shoulders and

8

reduced strength in his deltoids, biceps, and triceps.  (Tr. at 32).  However, the ALJ examined the entirety of Dr. Smith's treatment history of plaintiff, noting that plaintiff demonstrated full shoulder extension and suggested regular, sustained exercise.  (Tr. at 32, 243).

On review of both the record and plaintiff's objections, plaintiff does not appear to object to the weight given to Dr. Smith's opinion.  Instead, plaintiff seems to ask this court to ignore all of Dr. Smith's positive observations about plaintiff's condition and recognize only the negative observations.  The ALJ's decision reflects his analysis of the totality of Dr. Smith's findings, both those favorable and unfavorable to plaintiff.  Considering the record as a whole, Dr. Smith's medical opinion effectively supports the ALJ's conclusion regarding plaintiff's residual functional capacity.

### b. Omission of Words from Dr. Rago's Medical Opinion

Plaintiff objects to the magistrate judge's determination that the ALJ's omission of the words "to some extent" and "fairly" from Dr. Rago's findings was harmless.  Plaintiff argues that the ALJ disregarded these "words of limitation" and that the "ALJ recharacterized Dr. Rago's words."  (Doc. No. 22 at 3).

Plaintiff's objection to these omissions lacks merit. While the ALJ's written decision does omit these phrases, these

omissions likely were intended for brevity, rather than to
contradict Dr. Rago's findings.  Further, included in the ALJ's
decision were Dr. Rago's specific conclusions regarding
plaintiff's limited motor capacity in both shoulder joints, as
well as a finding of atrophy within the deltoid muscle, arms,
and forearms.  (Tr. at 32).  The ALJ balanced these findings
with Dr. Rago's observations regarding plaintiff's ability to
write, button, and pick up coins with both hands.  (Tr. at 32,
307).  As noted in the PF&R, the ALJ's classification of Dr.
Rago's findings is wholly consistent with Dr. Smith's
observations of plaintiff's condition as it existed shortly
before and after the alleged onset date.  (Tr. at 304-08).  As a
result, the omission of these words is harmless, and does not
indicate a lack of substantial evidence to support the ALJ's
decision.

### *c.* <u>Credibility Analysis of Plaintiff</u>

Plaintiff also objects to the magistrate judge's
determination that the ALJ's credibility analysis of plaintiff
was appropriate.  Plaintiff alleges "gross failures in
observation and analysis of the record" and finds the magistrate
judge's resolution of internal inconsistencies within the ALJ
decision "difficult to comprehend."  (Doc. No. 22 at 3-4).
Plaintiff objects to the magistrate judge's conclusion that
contradictory findings related to plaintiff's medical

10

restrictions still allows a conclusion that substantial evidence supported the ALJ's opinion.  (Doc No. 22 at 4).  Furthermore, plaintiff objects to the ALJ's characterization of plaintiff as "fairly active," arguing that plaintiff intended his testimony regarding daily activities to be as "expansive . . . as possible."  (Doc. No. 22 at 5).

While the ALJ's determination that plaintiff's treating physician did not indicate any restrictions finds little support in the record, this does not indicate that the ALJ's ultimate finding lacks substantial evidence.  Plaintiff's treating physician, Dr. Smith, issued a number of medical work releases on plaintiff's behalf, which indicates that Dr. Smith did restrict plaintiff's activities, contrary to the ALJ's written opinion.  (Tr. at 33, 261, 264, 269, 273, 277).  However, the ALJ relied on a number of other factors for his ultimate conclusion, including, but not limited to:  evaluations by State agency consultants who determined plaintiff is capable of performing a range of "light exertional work with some postural limitations;" the medical opinions of Drs. Smith and Rago, as detailed above; the medical opinion of Dr. Merva, plaintiff's neurologist, who determined that plaintiff was unable to return to work in 2003 while he underwent medical testing; as well as plaintiff's own testimony about his abilities.  (Tr. at 32-3, 304-07, 311-18, 327-38).  Therefore, plaintiff's objection that

the magistrate judge incorrectly found that substantial evidence supported the ALJ's findings is overruled.

Additionally, plaintiff challenges the magistrate judge's finding that the ALJ properly characterized plaintiff's physical abilities.  Plaintiff contends that the ALJ's decision includes a list of abilities that does not accurately reflect plaintiff's daily life.  (Doc. No. 22 at 5).  When asked by the AJL how he spends his typical day, plaintiff responded that he "tr[ies] to do a little yard work," he "can ride the [lawn] mower for a while," he "tr[ies] to wash [his] car" and watches over his grandson.  (Tr. at 50-2).  Plaintiff stated that he was able to drive for short distances and did not have a handicapped parking tag.  (Tr. at 47).  Further, plaintiff stated that he had gone hunting in the past year using both a rifle and a crossbow. (Tr. 53-4).  When asked if he had "pretty much described what [his] typical day is like," plaintiff responded that he had. (Tr. at 55).  Plaintiff's own testimony indicates that the ALJ's characterization of his physical abilities was entirely proper and finds substantial support in the record.

Further, the Code of Federal Regulations requires just such an analysis of a disability claimant's physical capabilities. "Your residual functional capacity is the most you can still do despite your limitations."  20 C.F.R. § 404.1545(a)(1) (emphasis added).  The ALJ's assessment falls in line with this directive.

12

As a result, plaintiff's objection to the ALJ's characterization of plaintiff lacks merit.

### d. Treatment of Plaintiff's Work History

Finally, plaintiff objects to the ALJ's analysis of plaintiff's work history prior to 2010.  Plaintiff alleges that the ALJ viewed his prior work history with "suspicion," rather than recognizing plaintiff "for his strong work ethic and perseverance."  (Doc. No. 22 at 6).

Again, plaintiff's argument is meritless.  The ALJ's findings did not indicate suspicion of plaintiff's work history or a lack of empathy for his condition.  The ALJ found that plaintiff had severe impairments that "cause more than minimal work-related limitations."  (Tr. at 30).  The ALJ did not suggest that plaintiff should go back to work as a mechanic or that plaintiff is capable of comparable work.  Instead, after reviewing the entire record presented to him, the ALJ determined that plaintiff can perform a range of light work and accepted all of the limitations recommended in plaintiff's disability determination.  (Tr. at 31, 311–18).  While plaintiff suffers from impairments, these impairments do not render plaintiff a wholly disabled individual.  Therefore, the ALJ's determination that plaintiff retained the residual functional capacity to perform light work is supported by substantial evidence in the record.

*e.* **Plaintiff's Motion to Remand**

In the PF&R, the magistrate judge also recommended that the court deny Plaintiff's Motion to Remand the case to the Commissioner.  (Doc. No. 18).  A court need not review factual or legal conclusions of the magistrate judge where neither party addresses objections to the recommendation.  Thomas v. Arn, 474 U.S. 140, 150 (1985).  As neither plaintiff nor defendant objected to the magistrate judge's recommendation to deny the Motion to Remand, the court accepts this portion of the PF&R without de novo review.

**IV.   Conclusion**

Plaintiff suffers from two severe impairments:  Parsonage-Turner Syndrome and bilateral shoulder osteoarthritis.  He has experienced considerable pain related to these conditions.  However, to receive disability benefits, an individual must be unable to engage in any substantial gainful activity due to his or her impairments.  42 U.S.C. § 423(d)(1)(A).  The ALJ concluded that plaintiff's impairments do not allow him to return to his former employment as a mechanic, but do not prevent him from performing light work.  Substantial evidence in the record supports this conclusion.  As a result, this court must affirm the final decision of the Commissioner that plaintiff is not entitled to disability benefits.

Accordingly, for the reasons set forth above, the court **OVERRULES** the plaintiff's objections to Magistrate Judge Eifert's PF&R.  The court adopts the factual and legal analysis contained within the PF&R to the extent that it is not inconsistent with this Memorandum Opinion, **DENIES** Plaintiff's Motion for Summary Judgment (Doc. No. 15) and Motion to Remand (Doc. No. 18), **GRANTS** Defendant's Motion for Judgment on the Pleadings (Doc. No. 17), **AFFIRMS** the final decision of the Commissioner, and **DISMISSES** this matter from the court's active docket.

The Clerk is directed to forward a copy of this Memorandum Opinion to counsel of record.

**IT IS SO ORDERED** on this 12th day of September, 2014.

ENTER:

David A. Faber
Senior United States District Judge